**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2019 OCT 30 A 10: 50

DEPUTY CLERK

**CIVIL ACTION NO:1:19-cv-00042-JDL**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION<br><br>PLAINTIFF<br><br>v.<br><br>LOIS H. PARKHURST AND HAROLD W. PARKHURST JR. A/K/A HAROLD PARKHURST AND PENOBSCOT COUNTY FEDERAL CREDIT UNION<br><br>DEFENDANTS | |

## JUDGMENT OF FORECLOSURE AND SALE; TITLE OF REAL ESTATE IS INVOLVED

### 121 Randolph Drive, Bangor, State of Maine
### Penobscot Registry of Deeds in Book 10191, Page 297

After final damages hearing, the Court finds as follows:

1. That the parties have received adequate notice of the proceedings in this action, Defendant Penobscot County Federal Credit Union having previously returned a waiver of service and Defendants Lois & Harold Parkhurst having been served by hand; default having been entered as to all Defendants; and notice having been given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

2. That venue is properly laid in this Court.

3. That Plaintiff is entitled to judgment as a matter of law.

4. That Defendants Harold & Lois Parkhurst are in breach of the terms of a certain promissory note held by the Plaintiff dated November 1, 2005, (the "Note"), with such breach constituting a default by said Defendants, and upon such default, proper notice of default was sent to said Defendants.

5. That the default of the Note caused a breach of the Mortgage.

1

6. That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Penobscot Registry of Deeds in Book 10191, Page 297 ("Mortgage"). The Mortgage encumbers real estate located at 121 Randolph Drive, Bangor, State of Maine ("Property"). The legal description of the Property contained in the Mortgage is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of 10/30/2019, the following amounts are owed to Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $85,688.99 |
| b. Accrued Interest | $14,751.30 |
| (plus interest at a per diem of $15.18) | |
| c. Accumulated Late Charges | $65.82 |
| d. Escrow Advances | $9,469.98 |
| e. Restricted Escrow | ($11,062.66) |
| f. Property Preservation/Inspection/Maintenance | $5,757.50 |
| g. Attorney's Fees | $8,205.00 |
| h. Attorney's Costs | $153.80 |

**Total:** **$113,029.73**

Plaintiff is entitled to add any additional attorney's fees and costs incurred in connection with the foreclosure, including any post-judgment attorney's fees and costs, as well as any additional amounts advanced or expended by Plaintiff pursuant to the Note and Mortgage.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff in the amount of $113,029.73, plus accrued interest at the rate of 6.465% per annum, $15.18 per day to the date of entry of judgment, plus interest after judgment at a rate of 8.59% per annum pursuant to 14 M.R.S.A. § 1602-C. Further, Plaintiff is entitled to the additional amounts incurred by Plaintiff as described in Paragraph 7 above, including but not limited to attorney's fees and costs, insurance premiums, and real estate taxes;

   b. Defendant Penobscot County Federal Credit Union in the amount of $7,098.42 as established in the October 22, 2019 Affidavit of Steven P. Baillargeon filed with this Court, notwithstanding any prior entry of default;

   c. Mortgagors: any excess proceeds from sale, pursuant to 14 M.R.S.A. § 6324

9. That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

>Federal National Mortgage Association
>c/o Bendett & McHugh, P.C.
>30 Danforth Street, Suite 104
>Portland, ME 04101
>
>Harold W. Parkhurst Jr.
>Lois H. Parkhurst
>133 Wreck Shoal Drive
>Newport News, VA 23606
>
>Penobscot County Federal Credit Union
>205 Main Street
>Old Town, ME 04468

10. That the Plaintiff's claim for attorney fees is not integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

11. That the Federal Rules of Civil Procedure do not require mediation, and therefore M.R.S.A. § 6321-A and M.R. Civ. P. 93 do not apply;

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of Plaintiff's Affidavit, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That Counts I and II of the Amended Complaint are GRANTED, and if Defendants Harold & Lois Parkhurst, his/her/their heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14

3

M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

B. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

C. That if Defendants Harold & Lois Parkhurst fail to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff may in its sole discretion allow, or if Defendants abandon the Property, Plaintiff shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's Mortgage, and Clerk shall issue a Writ of Possession at the request of Plaintiff;

D. That Plaintiff is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

E. That Defendants Harold & Lois Parkhurst have received a discharge in Chapter 7 bankruptcy, Petition No. 17-10329, U.S. Bankruptcy Court, Maine (Bangor), and thus no deficiency against them shall execute;

F. That Plaintiff shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendants may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S.A. §6324;

G. That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Penobscot County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S.A. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

H. ~~That the Clerk shall enter the following in the docket:~~

4

"Order and Judgment of Foreclosure and Sale dated __October 30__, 20_19_ for the Plaintiff as a final judgment except for additional Attorney's fees and disbursements and any additional amounts advanced by Plaintiff related to its mortgage security, and said Order is incorporated in the docket by reference. This entry is made in accordance with F. R. Civ. P. 79(a) at the specific direction of the Court."

Dated: __October 30, 2019__                              _____
                                                                                                Judge

Date entered in the docket: _____

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S.A. § 2401(3)(F)

Pursuant to 14 M.R.S.A. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following the entry of judgment, as provided by F. R. Civ. P. 58 and F. R. App. P. 3.

Dated: _____                         _____
                                                                                        Clerk of Court

### EXHIBIT A

**SITUATED IN THE COUNTY OF PENOBSCOT AND STATE OF MAINE: BEING LOT 10B ACCORDING TO A PLAN MADE BY ANDREW J. SHYKA OF VILLAGE GREEN REALTY TRUST, DATED JUNE, 1978 AND RECORDED IN PENOBSCOT REGISTRY OF DEEDS IN MAP FILE D57-78, TO WHICH REFERENCE IS HEREBY MADE FOR MORE PARTICULAR DESCRIPTION OF THE PREMISES HERBY CONVEYED.**